## HINCHMAN v. KEENER.

1. EVIDENCE—PROOF OF SIGNATURE.

A witness having testified that he was familiar with the handwriting of a certain person, and that the signatures to instruments produced were in his handwriting, is *prima facie* competent to testify to the genuineness of the signatures, but his competency may be tested by cross-examination.

2. PRACTICE IN JUSTICE COURT.

In actions originating before justices of the peace, there being no written pleadings, the issues are defined by the evidence.

*Appeal from the County Court of Arapahoe County.*

Mr. A. W. HILLE, for appellant.

Mr. C. V. MEAD, for appellee.

THOMSON, J., delivered the opinion of the court.

. This action was brought before a justice of the peace to recover damages for a defective and insufficient roof put upon Keener's building by Hinchman. The cause went by appeal from the justice to the county court, where judgment was given against the defendant, Hinchman, for $280, from which he appealed to this court. The following instruments were received in evidence against defendant's objection:

"DENVER, COLO., Feb. 18, 1890.

"We will take off the roof on the Hax-Gartner Furniture Building and put on a good 5-ply felt roof, using St. Louis pitch, for the sum of two hundred and eighty dollars, said roof to be guaranteed not to leak for the term of five years. Leaks to be repaired at my expense.

"JAMES B. HINCHMAN,<br>"Per GEO. N. HINCHMAN."

Exhibit 2:

"DENVER CITY, COLO., Feb. 22, 1890.

"This will certify that I put on a felt and gravel roof for F. A. Keener on building No. 1524 to 1530 Arapahoe street, known as Keener Block, occupied by Hax-Gartner Co., which I guarantee not to leak from exposure to natural causes of weather, such as rain, snow, cold or heat, for the term of seven years from above date. If leaks occur from said causes, they to be repaired at my expense for said term.

"JAMES B. HINCHMAN,<br>"Per GEO. N. HINCHMAN."

The objection made below, and urged here, is that the execution of the instruments by Geo. N. Hinchman, as the agent of defendant, was not sufficiently proved. A witness, Samuel J. Young, testified that he was familiar with Geo. N.'s

handwriting, and that the signatures to the instruments were in his handwriting. *Prima facie*, his competency to testify to the genuineness of the signatures was established. The defendant had the right to test his competency by cross-examination as to the character and extent of his acquaintance with the handwriting, but nothing of the kind was attempted. As the action originated before a justice, there were no written pleadings, and the issues were defined by the evidence. The defendant was a witness, and did not deny the execution of the instruments. They were properly in evidence. The roof was constructed and paid for, and the evidence as to its conformity with the guaranties was conflicting. There was evidence that it leaked both tar and water in considerable quantities, that the defendant was notified of the facts and requested to make the necessary repairs, which he failed and refused to do, and that the plaintiff had it reconstructed at a cost of $280, which was the reasonable value of the work. In so far as this evidence was disputed by evidence to the contrary, the question of its weight and credibility was determined by the court below, and its judgment upon the facts binds us.

The judgment must be affirmed.

*Affirmed.*